## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | |
|---|---|
| KAYLA MILLS,<br><br>    Plaintiff,<br><br>v.<br><br>CAPIO PARTNERS, LLC,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 6:23-cv-00045<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** KAYLA MILLS ("Plaintiff"), by and through her undersigned attorneys, complaining as to the conduct of CAPIO PARTNERS, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692 and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

4. Plaintiff is a consumer over 18 years of age, residing in Victoria, Texas, which lies within the Southern District of Texas.

5. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6), in that it uses postal mail, an instrumentality of interstate commerce for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant's principal place of business located at 3400 Texoma Parkway, Suite 100, Sherman, Texas 75090.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

7. The instant action arises out of Defendant's efforts to collect upon a medical bill ("subject consumer debt") purportedly owed by Plaintiff.

8. Due to financial hardship, Plaintiff was unable to sustain timely payments and defaulted on the subject debt.

9. Upon information and belief, following Plaintiff's purported default on the subject debt, the subject debt was charged off and eventually placed with Defendant for collection purposes.

10. Throughout the year preceding the filing of this Complaint, Plaintiff was receiving collection calls to her cellular phone, (361) XXX-6348, from Defendant seeking collection of the subject consumer debt.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber and owner of the cellular phone ending in -6348. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Defendant has primarily used the phone number (361) 288-7311 when placing calls to Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

13. Upon answering a call from Defendant and speaking with Defendant, Plaintiff informed Defendant that she was not able to make a payment because she was unemployed and unable to work due to underlying medical issues.

14. She further informed Defendant that she applying for disability and has Medicaid, which should have taken care of the bill.

15. Following this conversation, Defendant continued calling Plaintiff seeking collection of the subject debt, at which point Plaintiff requested that Defendant cease calling her.

16. Nevertheless, Defendant has persisted in contacting Plaintiff through phone calls seeking collection of the subject debt following the cease and desist request.

17. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, exhausting time, money, and resources.

18. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

19. Plaintiff has suffered concrete harm because of Defendant's actions including, but not limited to, invasion of privacy, aggravation that accompanies unwanted collection calls, being subjected to harassing debt collection communications, emotional distress, and violations of her state and federally protected interests to be free from harassing, oppressive, and abusive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and is similarly a business whose principal purpose is the collection of debts.

24. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arose out of transaction due, or asserted to be owed or due, to another for personal, family, or household purposes.

  **a. Violations of FDCPA § 1692d *et seq.*, and 12 C.F.R. § 1006.14 *et seq.***

25. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

26. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they do not call a consumer more than 7 times over 7 consecutive days, or if they wait 7 days after communicating with a consumer before attempting another communication. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." An example of facts rebutting the presumptive compliance would be a prior indication "that the person did not wish to be contacted again about the particular debt."

27. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

28. Defendant violated 15 U.S.C. §§ 1692d & 1692d(5), as well as 12 C.F.R. §§ 1006.14(b) & 1006.14(h), through its placement of phone calls to Plaintiff's cellular phone following her cease and desist requests. Plaintiff plainly demanded that Defendant cease calling her cellular phone regarding the subject consumer debt. Despite the nature of these prior communications, Defendant nevertheless continued placing phone calls seeking collection of the subject consumer debt. Regulation F blatantly prohibits such conduct, which underscore Defendant's violations of those regulations, as well as the corresponding portions of the FDCPA. The regulations clarify that consumers who have requested calls to stop, yet nevertheless receive further calls, may state claims for repeated phone calls notwithstanding a debt collector's compliance with the presumptively reasonable frequency of calls. Furthermore, Regulation F clarifies that communicating with a consumer through a medium after that consumer has requested no communications through such medium – as occurred here – constitutes harassing and oppressive conduct in and of itself. Defendant's violations of the relevant statutes and regulations caused Plaintiff harm in the form of invasion of privacy stemming from Defendant's persistence in placing unwanted phone calls to Plaintiff's cellular phone.

    b.  **Violations of FDCPA § 1692f**

29. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuing to call Plaintiff's cellular phone despite her requests that such calls cease.

WHEREFORE, Plaintiff, KAYLA MILLS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

e. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

33. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

34. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.302**

35. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

36. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone after he notified it to stop calling her cellular phone. Claims under the TDCA are treated similarly as claims under the FDCPA, and as discussed above, Defendant's conduct and phone calls present the type of conduct deemed to violate the FDCPA's prohibitions on harassing and oppressive conduct.

WHEREFORE, Plaintiff, KAYLA MILLS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from contacting Plaintiff; and

g. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

Dated: September 26, 2023                                  Respectfully submitted,

s/ Nathan C. Volheim                                       s/ Eric D. Coleman
Nathan C. Volheim, Esq. #6302103                           Eric D. Coleman, Esq. #6326734
Federal I.D. No. 3098183                                   Federal I.D. No. 3442886
Counsel for Plaintiff                                      Counsel for Plaintiff
Admitted in the Southern District of Texas                 Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                                   Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                        2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                    Lombard, Illinois 60148
(630) 568-3056 (phone)                                     (331) 307-7648 (phone)
(630) 575-8188 (fax)                                       (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                   ecoleman@sulaimanlaw.com